**EXHIBIT "A"**

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON  **5/28/2026**
By_____/s/ Anthony Berini_____
Deputy Clerk

Dylan Hackett (SBN 329339)
**THE HACKETT LAW FIRM**
P.O. Box 330168
San Francisco, CA 94133
Telephone: (415) 410-9931
Email: dylanhackett@hackettfirm.com

*Attorneys for Plaintiff Anthony Erdentuguldur,*

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN MATEO**

| | |
|---|---|
| ANTHONY ERDENTUGULDUR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PACIFICA; PACIFICA POLICE DEPARTMENT; DOES 1 through 50, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,,<br><br>Defendants, | **Case No.:**   26-CIV-04263<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violation of 42 U.S.C. section 1983, Excessive Force, Fourth Amendment**<br>**2. Violation of 42 U.S.C. section 1983, Unreasonable Seizure, Fourth Amendment**<br>**3. Violation of 42 U.S.C. section 1983, Monell Liability**<br>**4. Violation of California Civil Code section 52.1, Bane Act**<br>**5. Battery**<br>**6. Assault**<br>**7. False Imprisonment**<br>**8. Negligence**<br>**9. Gross Negligence Against Emergency Medical Responders**<br>**10. Intentional Infliction of Emotional Distress**<br>**11. Negligence Against Property Owner, Property Manager, and Emergency Call Provider**<br>**12. Premises Liability**<br>**13. Violation of Civil Code section 789.3, Wrongful Lockout and Interference With Access,**<br>**If Applicable**<br><br>**DEMAND FOR JURY TRIAL** |

**THE HACKETT LAW FIRM**
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-1-

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

## I. INTRODUCTION

1. This is a civil rights, personal injury, negligence, and excessive force action arising from an incident that occurred on or about October 30, 2025, at or near Plaintiff's residence located at 451 Gateway Drive, Apartment 127, Pacifica, California.

2. Plaintiff Anthony Erdentuguldur was locked out of his own apartment shortly after midnight. His young children were inside the apartment. Plaintiff called the building's emergency number and requested assistance. The building's emergency representative refused to treat the matter as an emergency and failed to provide meaningful assistance.

3. Pacifica police officers later arrived at the scene. The officers also attempted to contact the building's emergency number and were also told that the matter was not an emergency and that they needed to locate a locksmith.

4. Plaintiff and the officers attempted to contact locksmiths, but no locksmith was available until approximately 8:00 a.m.

5. In the meantime, Plaintiff attempted to regain access to his apartment. He fell while attempting to climb into the apartment. Eventually, one of Plaintiff's children opened the door, and Plaintiff was able to return inside.

6. Rather than treating the matter as a resolved lockout and a potential non emergency welfare situation, police officers and emergency medical personnel escalated the encounter. Plaintiff did not want to be transported to a hospital. Plaintiff refused medical transport.

7. Despite Plaintiff's refusal, officers and emergency medical personnel physically forced him down, stripped him, restrained him, placed him in a chokehold, hog tied him, injected or drugged him, and forced him into an ambulance.

8. Plaintiff later woke up in the emergency room at San Francisco General Hospital.

9. Plaintiff was diagnosed with a contusion and advised to see a spine specialist. His medical records reportedly documented intoxication, but intoxication alone does not justify unreasonable force, a chokehold, hog tying, forced stripping, involuntary sedation, or compelled medical transport absent a lawful basis.

10. At all relevant times, Plaintiff was not suspected of any serious crime. He was a resident

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

locked out of his own apartment. He was not threatening officers. He was not threatening others. He was not attempting to flee from a crime. He was attempting to access his home and protect his children.

11. Defendants' conduct violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, California law, and California civil rights statutes.

### PARTIES

12. Plaintiff Anthony Erdentuguldur is, and at all relevant times was, an individual residing in Pacifica, California, in the County of San Mateo.

13. Plaintiff's address at the time of the incident was 451 Gateway Drive, Apartment 127, Pacifica, California.

14. Defendant City of Pacifica is, and at all relevant times was, a municipal entity organized and existing under the laws of the State of California. The City of Pacifica operates, manages, supervises, trains, controls, and employs officers of the Pacifica Police Department.

15. Defendant Pacifica Police Department is, and at all relevant times was, the police department operating under the authority of the City of Pacifica. Plaintiff is informed and believes, and on that basis alleges, that the Pacifica Police Department is an agency, department, subdivision, or instrumentality of the City of Pacifica. To the extent the Pacifica Police Department is not a separate legal entity capable of being sued, Plaintiff names it in order to identify the responsible law enforcement agency, and Plaintiff seeks leave to amend after discovery.

16. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues those Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

17. Plaintiff is informed and believes, and on that basis alleges, that DOES 1 through 20 were police officers, supervisors, command staff, dispatch personnel, public employees, agents, contractors, or other persons acting under color of law who participated in, authorized, ratified, failed to prevent, or caused the unlawful seizure, excessive force, restraint, forced medical transport, forced sedation, or other misconduct alleged herein.

//

**COMPLAINT FOR DAMAGES**

18. Plaintiff is informed and believes, and on that basis alleges, that DOES 21 through 35 were emergency medical technicians, paramedics, ambulance personnel, firefighters, medical responders, EMS supervisors, private ambulance employees, public ambulance employees, contractors, or other medical responders who participated in, authorized, ratified, failed to prevent, or caused Plaintiff to be forcibly restrained, stripped, sedated, transported, or otherwise battered against his will.

19. Plaintiff is informed and believes, and on that basis alleges, that DOES 36 through 50 were owners, landlords, property managers, building managers, emergency call service providers, security vendors, maintenance vendors, agents, employees, contractors, or representatives responsible for the residential property located at 451 Gateway Drive, Pacifica, California, including the emergency number and after-hours response system.

20. Plaintiff is ignorant of the true names and capacities of ROE CORPORATIONS 1 through 20, inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

21. Plaintiff is informed and believes, and on that basis alleges, that ROE CORPORATIONS 1 through 20 include the owner, landlord, property management company, emergency call provider, security provider, maintenance vendor, ambulance company, EMS contractor, and other business entities responsible for the conduct alleged herein.

22. At all relevant times, each Defendant was the agent, employee, partner, joint venturer, co conspirator, alter ego, contractor, subcontractor, representative, or authorized actor of each other Defendant, and acted within the course and scope of such agency, employment, representation, or authority.

23. At all relevant times, each Defendant authorized, approved, ratified, knew of, should have known of, aided, abetted, participated in, or failed to prevent the wrongful conduct alleged herein.

### JURISDICTION AND VENUE

24. This Court has jurisdiction over this action because the events giving rise to this Complaint occurred in the County of San Mateo, State of California.

25. Venue is proper in San Mateo County Superior Court because the incident occurred in

//

-4-

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

Pacifica, California, which is located in San Mateo County, and because one or more Defendants reside in, conduct business in, are employed in, or are otherwise subject to suit in this County.

26. Plaintiff brings federal civil rights claims under 42 U.S.C. section 1983 and related state law claims. California Superior Courts have concurrent jurisdiction over federal civil rights claims.

**GOVERNMENT CLAIMS ACT COMPLIANCE**

27. Plaintiff is informed and believes, and on that basis alleges, that he has complied with the California Government Claims Act, Government Code sections 810 through 996.6, including Government Code sections 910, 911.2, 945.4, and related provisions, to the extent required for his state law claims against public entities and public employees.

28. Alternatively, Plaintiff is informed and believes, and on that basis alleges, that compliance with the Government Claims Act is excused, waived, unnecessary, or inapplicable to one or more claims, including claims brought directly under 42 U.S.C. section 1983.

29. Plaintiff will amend this Complaint to allege additional facts regarding claim presentation, rejection, deemed rejection, waiver, or excuse once those facts are confirmed.

**FACTUAL ALLEGATIONS**

30. On or about October 30, 2025, shortly after midnight, Plaintiff Anthony Erdentuguldur was at or near his apartment located at 451 Gateway Drive, Apartment 127, Pacifica, California.

31. Plaintiff resided at that apartment.

32. Plaintiff was at home with his brother and his children.

33. Plaintiff had young children inside the apartment, including children approximately 10, 4, and 3 years old.

34. Plaintiff's brother left the apartment.

35. Plaintiff stepped outside and accidentally locked himself out.

36. Plaintiff did not abandon the apartment. Plaintiff did not voluntarily surrender access to the apartment. Plaintiff did not intend to be locked out. Plaintiff was a lawful occupant attempting to return to his own home.

37. Approximately 10 minutes later, Plaintiff called the building's emergency number.

38. Plaintiff explained the situation and sought assistance regaining entry to his apartment.

-5-
**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

39. The person or entity responsible for the emergency number told Plaintiff that the situation was not an emergency.

40. The emergency call representative failed to provide reasonable assistance, failed to dispatch maintenance personnel, failed to provide lockout assistance, failed to contact a responsible property representative, and failed to take reasonable steps to help a lawful resident regain access to a unit where minor children were present.

41. Plaintiff attempted to regain access to his apartment.

42. Neighbors called police after seeing Plaintiff attempting to climb or otherwise regain access.

43. Pacifica police officers arrived at or near Plaintiff's residence.

44. The officers attempted to wake Plaintiff's son by knocking on the door.

45. When no one answered, the officers themselves attempted to contact the building's emergency number.

46. The officers were also told that the situation was not an emergency and that they needed to find a locksmith.

47. Plaintiff and the officers attempted to call locksmiths.

48. Plaintiff and the officers were informed that a locksmith was not available until approximately 8:00 a.m.

49. Plaintiff remained locked out of his apartment, with minor children inside, in the middle of the night.

50. Plaintiff attempted again to climb or regain access to his apartment.

51. Plaintiff fell.

52. Eventually, Plaintiff's son opened the door.

53. Plaintiff was then able to enter his residence.

54. Plaintiff was inside his home and was prepared to sleep.

55. Police officers came to the apartment and knocked on the door.

56. The officers stated in substance that they had heard Plaintiff had fallen.

57. Plaintiff did not want to go to the hospital.

58. Plaintiff refused medical transport.

-6-

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

59. Plaintiff continued to refuse to go with police officers or EMS personnel.

60. Plaintiff was conscious and able to express that he did not want to be transported.

61. Plaintiff is informed and believes, and on that basis alleges, that officers and EMS personnel lacked a lawful basis to use severe force against him, to forcibly restrain him, to strip him, to place him in a chokehold, to hog tie him, to sedate him, or to compel medical transport.

62. Plaintiff is informed and believes, and on that basis alleges, that he was not suspected of committing a serious crime.

63. Plaintiff is informed and believes, and on that basis alleges, that he did not present an immediate threat of serious bodily harm to officers, EMS personnel, or others.

64. Plaintiff is informed and believes, and on that basis alleges, that his refusal of medical transport did not justify the level of force used against him.

65. Police officers and EMS personnel physically forced Plaintiff down.

66. Police officers and EMS personnel stripped Plaintiff naked or caused him to be stripped.

67. Police officers and EMS personnel placed Plaintiff in a chokehold or caused him to be placed in a chokehold.

68. Police officers and EMS personnel hog tied Plaintiff or caused him to be hog tied.

69. Police officers and EMS personnel injected, sedated, medicated, or drugged Plaintiff against his will.

70. Police officers and EMS personnel forced Plaintiff into an ambulance.

71. Plaintiff lost consciousness or otherwise does not recall the full period after he was restrained and drugged.

72. Plaintiff woke up in the emergency room at San Francisco General Hospital.

73. Plaintiff was diagnosed with a contusion.

74. Plaintiff was advised to see a spine specialist.

75. Plaintiff suffered physical injuries, pain, humiliation, fear, emotional distress, loss of dignity, and other damages.

76. Plaintiff's medical records reportedly documented intoxication.

77. Intoxication, if any, did not give Defendants license to use unreasonable force, a chokehold,

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

hog tying, forced stripping, involuntary sedation, or compelled transport absent lawful justification.

78. Plaintiff is informed and believes, and on that basis alleges, that less intrusive alternatives were available.

79. Plaintiff is informed and believes, and on that basis alleges, that Defendants failed to de escalate the encounter.

80. Plaintiff is informed and believes, and on that basis alleges, that Defendants failed to reasonably assess whether Plaintiff had capacity to refuse medical treatment.

81. Plaintiff is informed and believes, and on that basis alleges, that Defendants failed to obtain lawful consent, a lawful hold, a lawful warrant, or any other lawful basis to compel medical transport through force.

82. Plaintiff is informed and believes, and on that basis alleges, that Defendants failed to properly document, justify, or comply with policies governing use of force, involuntary medical transport, restraint, sedation, and interaction with injured or intoxicated persons.

83. Plaintiff is informed and believes, and on that basis alleges, that the City of Pacifica and its police department failed to properly train, supervise, discipline, and control officers regarding lockout calls, welfare checks, medical refusals, de-escalation, excessive force, prone restraint, chokeholds, hog tying, EMS interaction, involuntary transport, and treatment of persons who are injured, intoxicated, or refusing medical care.

84. Plaintiff is informed and believes, and on that basis alleges, that supervisory personnel approved, condoned, ratified, or failed to discipline the conduct alleged herein.

85. Plaintiff is informed and believes, and on that basis alleges, that the building owner, property manager, emergency call provider, and related property Defendants created or allowed an unreasonable risk of harm by failing to provide a functional after hours emergency response system for lockouts involving residents and children inside units.

86. Plaintiff is informed and believes, and on that basis alleges, that the property Defendants knew or should have known that residents could become locked out, that children could be inside units, that after hours access emergencies could arise, and that failure to respond could foreseeably cause residents to attempt dangerous self help entry.

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

87. Plaintiff is informed and believes, and on that basis alleges, that had the property Defendants reasonably responded to the emergency call, the police and EMS encounter would likely have been avoided, reduced, or mitigated.

### FIRST CAUSE OF ACTION

### Violation of 42 U.S.C. section 1983, Excessive Force, Fourth Amendment

### Against Individual Officer Defendants and DOES 1 through 20

88. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

89. At all relevant times, the individual officer Defendants acted under color of state law.

90. The Fourth Amendment protects individuals from unreasonable searches and seizures, including the use of excessive force.

91. The force used against Plaintiff was objectively unreasonable under the totality of the circumstances.

92. Plaintiff was not suspected of a serious crime.

93. Plaintiff did not pose an immediate threat of serious harm to officers or others.

94. Plaintiff was not fleeing from a crime.

95. Plaintiff was in or near his own residence after a lockout incident.

96. Plaintiff's refusal of medical transport did not justify a chokehold, hog tying, forced stripping, physical takedown, forcible ambulance placement, or involuntary sedation.

97. The force used was excessive, unnecessary, disproportionate, punitive, humiliating, and unreasonable.

98. The individual officer Defendants caused Plaintiff to suffer physical injuries, emotional distress, humiliation, loss of dignity, loss of liberty, medical expenses, and other damages.

99. Defendants' conduct was willful, malicious, oppressive, reckless, and in conscious disregard of Plaintiff's federally protected rights, entitling Plaintiff to punitive damages against the individual Defendants.

100.    Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. section 1988.

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

## SECOND CAUSE OF ACTION

## Violation of 42 U.S.C. section 1983, Unreasonable Seizure, Fourth Amendment

### (Against Individual Officer Defendants and DOES 1 through 20)

101.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

102.   At all relevant times, the individual officer Defendants acted under color of state law.

103.   Defendants seized Plaintiff when they restrained him, forced him down, prevented him from leaving, restrained his body, caused him to be placed in an ambulance, and caused him to be transported to a hospital against his will.

104.   The seizure was unreasonable because Defendants lacked probable cause, lawful justification, a warrant, valid consent, a lawful medical hold, or other legal basis to restrain and transport Plaintiff by force.

105.   Defendants' seizure of Plaintiff was unreasonable under the Fourth Amendment.

106.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

107.   Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. section 1988.

## THIRD CAUSE OF ACTION

## Violation of 42 U.S.C. section 1983, Monell Liability

### (Against City of Pacifica and Related Municipal Defendants)

108.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

109.   Defendant City of Pacifica is a municipal entity subject to liability under 42 U.S.C. section 1983 where a constitutional violation is caused by an official policy, custom, practice, failure to train, failure to supervise, failure to discipline, or ratification by final policymakers.

110.   Plaintiff is informed and believes, and on that basis alleges, that the constitutional violations alleged herein were caused by policies, customs, practices, or failures of Defendant City of Pacifica, including but not limited to:

a. Failing to adequately train officers on excessive force;

b. Failing to adequately train officers on medical refusals;

-10-

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

c. Failing to adequately train officers on de escalation;

d. Failing to adequately train officers on interactions with injured or intoxicated persons;

e. Failing to adequately train officers on involuntary medical transport;

f. Failing to adequately train officers on prone restraint, chokeholds, hog tying, and high risk restraints;

g. Failing to adequately supervise officers during welfare checks, lockout calls, and EMS interactions;

h. Failing to discipline officers for unreasonable force;

i. Maintaining customs or practices that tolerated excessive force or unreasonable seizures;

j. Ratifying the conduct of the officers after the incident.

111.    Plaintiff is informed and believes, and on that basis alleges, that final policymakers knew or should have known that these policies, customs, practices, and failures would likely result in constitutional violations.

112.    Plaintiff is informed and believes, and on that basis alleges, that the need for training and supervision was obvious, particularly because officers regularly respond to lockouts, welfare checks, medical refusal situations, intoxication calls, and EMS related incidents.

113.    Plaintiff is informed and believes, and on that basis alleges, that the City's failures were a moving force behind the violation of Plaintiff's constitutional rights.

114.    As a direct and proximate result of these municipal policies, customs, practices, failures, and ratification, Plaintiff suffered damages.

115.    Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. section 1988.

### FOURTH CAUSE OF ACTION

### Violation of California Civil Code section 52.1, Bane Act

### (Against All Defendants)

116.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

//

//

-11-

**COMPLAINT FOR DAMAGES**

**THE HACKETT LAW FIRM**
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

117.    California Civil Code section 52.1 prohibits interference, or attempted interference, by threats, intimidation, or coercion, with rights secured by the Constitution or laws of the United States or the State of California.

118.    Plaintiff had rights under the Fourth Amendment, the California Constitution, California civil rights laws, and California tort law to be free from unreasonable seizure, excessive force, bodily restraint, battery, forced medical transport, and nonconsensual medical intervention.

119.    Defendants interfered with Plaintiff's rights through threats, intimidation, and coercion, including physical force, restraint, forced stripping, chokehold, hog tying, forced ambulance transport, and involuntary sedation.

120.    The coercion was independent from and in excess of any lawful authority Defendants had.

121.    Defendants acted intentionally, recklessly, or with deliberate indifference to Plaintiff's protected rights.

122.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

123.    Plaintiff seeks damages, statutory penalties, attorney's fees, costs, and all other relief available under Civil Code section 52.1.

### FIFTH CAUSE OF ACTION

### Battery

**(Against Individual Officer Defendants, EMS Defendants, and DOES 1 through 35)**

124.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

125.    Defendants intentionally touched Plaintiff, restrained him, forced him down, stripped him, choked him, hog tied him, injected or drugged him, and forced him into an ambulance.

126.    Plaintiff did not consent to these touchings.

127.    The touchings were harmful, offensive, unreasonable, excessive, and without lawful justification.

128.    To the extent any Defendant claims the force was legally justified, the force used was excessive under the circumstances.

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

129. Defendants' conduct caused Plaintiff injury, pain, humiliation, emotional distress, and other damages.

130. Defendants acted willfully, maliciously, oppressively, and in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages against individual Defendants.

## SIXTH CAUSE OF ACTION

### Assault

**(Against Individual Officer Defendants, EMS Defendants, and DOES 1 through 35)**

131. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

132. Defendants acted with intent to cause Plaintiff to apprehend imminent harmful or offensive contact.

133. Plaintiff reasonably believed Defendants were about to touch, restrain, choke, strip, tie, inject, drug, or otherwise harm him.

134. Plaintiff did not consent.

135. Defendants' conduct caused Plaintiff fear, distress, humiliation, and damages.

## SEVENTH CAUSE OF ACTION

### False Imprisonment

**(Against Individual Officer Defendants, EMS Defendants, and DOES 1 through 35)**

136. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

137. Defendants intentionally restrained, confined, and detained Plaintiff.

138. Defendants restrained Plaintiff through physical force, bodily restraint, chokehold, hog tying, forced ambulance placement, sedation, and forced transport.

139. Plaintiff did not consent to the restraint or transport.

140. Defendants lacked lawful privilege or justification to restrain and transport Plaintiff in the manner alleged.

141. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

COMPLAINT FOR DAMAGES

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

# EIGHTH CAUSE OF ACTION

## Negligence

### (Against All Defendants)

142.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

143.    Defendants owed Plaintiff a duty to act with reasonable care.

144.    Police Defendants owed Plaintiff a duty to use reasonable care in responding to the lockout, fall, welfare check, refusal of medical transport, and related incident.

145.    EMS Defendants owed Plaintiff a duty to use reasonable care in assessing his condition, respecting his rights, determining capacity, obtaining lawful consent or lawful authority, avoiding unnecessary force, avoiding unnecessary restraint, and avoiding nonconsensual sedation absent lawful justification.

146.    Property Defendants owed Plaintiff a duty to maintain a reasonable after hours emergency response system, to respond reasonably to lockout emergencies, and to avoid creating foreseeable risks of harm to residents.

147.    Defendants breached their duties by, among other things:

a. Failing to de escalate the encounter;

b. Using unreasonable force;

c. Forcibly restraining Plaintiff without lawful justification;

d. Forcibly stripping Plaintiff without lawful justification;

e. Placing Plaintiff in a chokehold;

f. Hog tying Plaintiff;

g. Sedating, drugging, or medicating Plaintiff without consent or lawful authority;

h. Forcing Plaintiff into an ambulance;

i. Transporting Plaintiff against his will;

j. Failing to properly assess capacity and refusal;

k. Failing to follow applicable policies, training, and standards;

-14-
**COMPLAINT FOR DAMAGES**

l. Failing to provide reasonable after hours emergency assistance;

m. Failing to maintain a safe and functional access system for residents.

148.     Defendants' breaches caused Plaintiff physical injuries, emotional distress, medical expenses, pain and suffering, humiliation, loss of dignity, and other damages.

## NINTH CAUSE OF ACTION

### Gross Negligence Against Emergency Medical Responders

### (Against EMS Defendants and DOES 21 through 35)

149.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

150.     Plaintiff is informed and believes, and on that basis alleges, that EMS Defendants will claim immunity or limited liability under California Health and Safety Code section 1799.106 or related provisions.

151.     Health and Safety Code section 1799.106 does not protect emergency responders who act in a grossly negligent manner or who do not act in good faith.

152.     Defendants' conduct, including forced stripping, severe restraint, chokehold, hog tying, involuntary sedation, and forced transport of a conscious person who refused medical care, constituted gross negligence, bad faith, or conduct outside the protection of any statutory immunity.

153.     Defendants' conduct was an extreme departure from what a reasonably careful EMS responder would do under the same or similar circumstances.

154.     Defendants failed to reasonably assess whether Plaintiff had capacity, failed to respect Plaintiff's refusal, failed to obtain lawful authority, and failed to use reasonable or minimally intrusive methods.

155.     As a direct and proximate result of EMS Defendants' gross negligence, Plaintiff suffered damages.

//

//

//

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-15-

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**(Against Individual Officer Defendants, EMS Defendants, and DOES 1 through 35)**

156. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

157. Defendants' conduct was extreme and outrageous.

158. Defendants intentionally or recklessly forced Plaintiff down, stripped him, restrained him, choked him, hog tied him, sedated him, and transported him against his will.

159. Defendants acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress.

160. Plaintiff suffered severe emotional distress, humiliation, fear, anxiety, pain, distress, and loss of dignity.

161. Defendants' conduct was a substantial factor in causing Plaintiff's emotional distress and related damages.

## ELEVENTH CAUSE OF ACTION

### Negligence Against Property Owner, Property Manager, and Emergency Call Provider

**(Against Property Defendants, ROE CORPORATIONS, and DOES 36 through 50)**

162. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

163. Property Defendants owned, managed, maintained, operated, controlled, or provided services for the residential building located at 451 Gateway Drive, Pacifica, California.

164. Property Defendants maintained or held out an emergency number for residents.

165. Plaintiff reasonably relied on the existence of an emergency number for after hours building emergencies, including lockouts, access issues, and urgent situations involving children inside a unit.

166. Property Defendants owed Plaintiff a duty to operate the emergency number and after hours response system with reasonable care.

167. Property Defendants breached that duty by refusing to treat Plaintiff's lockout as an

**COMPLAINT FOR DAMAGES**

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

emergency, failing to dispatch assistance, failing to contact maintenance or management, failing to provide access assistance, and failing to reasonably respond when police also called.

168. It was foreseeable that a resident locked out of his apartment shortly after midnight, with minor children inside, might attempt to regain access by unsafe means if the emergency response system failed.

169. It was foreseeable that failure to provide after hours assistance could result in injury, police involvement, escalation, and harm.

170. Property Defendants' breach was a substantial factor in causing Plaintiff's injuries and damages.

## TWELFTH CAUSE OF ACTION

### Premises Liability

**(Against Property Defendants, ROE CORPORATIONS, and DOES 36 through 50)**

171. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

172. Property Defendants owned, leased, occupied, managed, maintained, operated, controlled, or were otherwise responsible for the premises located at 451 Gateway Drive, Pacifica, California.

173. Property Defendants owed Plaintiff a duty to use reasonable care in the management and operation of the premises.

174. Property Defendants had a duty to take reasonable steps to prevent foreseeable harm to residents arising from building access systems, emergency response systems, lockout procedures, and after-hours assistance.

175. Property Defendants breached their duties by failing to maintain a reasonable and functional system for after-hours emergency access and by failing to reasonably respond to Plaintiff's emergency call.

176. The unsafe condition and inadequate emergency response system created a foreseeable risk of harm.

//

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

177.    Property Defendants' conduct was a substantial factor in causing Plaintiff's injuries and damages.

## THIRTEENTH CAUSE OF ACTION

## Violation of Civil Code section 789.3, Wrongful Lockout and Interference

## With Access, If Applicable

**(Against Property Defendants, ROE CORPORATIONS, and DOES 36 through 50)**

178.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

179.    Plaintiff was a lawful resident or tenant of the apartment located at 451 Gateway Drive, Apartment 127, Pacifica, California.

180.    California Civil Code section 789.3 prohibits a landlord from willfully preventing a tenant from gaining reasonable access to the property, changing locks, removing doors or windows, interrupting utilities, or otherwise engaging in conduct intended to terminate occupancy or force a tenant to vacate except through lawful process.

181.    Plaintiff is informed and believes, and on that basis alleges, that Property Defendants' refusal to provide reasonable emergency access assistance, despite knowing Plaintiff was a lawful resident and despite police also calling the emergency number, interfered with Plaintiff's reasonable access to his residence.

182.    Plaintiff is informed and believes, and on that basis alleges, that further investigation and discovery will determine whether Property Defendants' conduct was willful and within the meaning of Civil Code section 789.3.

183.    To the extent Property Defendants willfully prevented Plaintiff from gaining reasonable access to his residence, Plaintiff is entitled to statutory damages, actual damages, attorney's fees, costs, and all other relief available under Civil Code section 789.3.

## DAMAGES

184.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including but not limited to:

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

a. Physical injuries;

b. Contusion;

c. Back, neck, spine, and related pain;

d. Need for medical evaluation and specialist care;

e. Emotional distress;

f. Fear, humiliation, embarrassment, and loss of dignity;

g. Medical expenses;

h. Loss of enjoyment of life;

i. Pain and suffering;

j. Out of pocket expenses;

k. Statutory damages;

l. Attorney's fees and costs where authorized by law;

m. Other damages according to proof.

## PUNITIVE DAMAGES

185.    Plaintiff seeks punitive damages against individual Defendants and non public entity Defendants where permitted by law.

186.    Plaintiff does not seek punitive damages against public entities to the extent prohibited by Government Code section 818.

187.    Individual Defendants acted with malice, oppression, fraud, reckless disregard, or conscious disregard of Plaintiff's rights and safety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Erdentuguldur prays for judgment against Defendants, and each of them, as follows:

1.  For general damages according to proof;

2.  For special damages according to proof;

3.  For medical expenses according to proof;

4.  For emotional distress damages according to proof;

5.  For statutory damages where authorized by law;

**COMPLAINT FOR DAMAGES**

6. For civil penalties where authorized by law;

7. For punitive damages against individual Defendants and non public entity Defendants where permitted by law;

8. For attorney's fees under 42 U.S.C. section 1988, Civil Code section 52.1, Civil Code section 789.3, and any other applicable statute or law;

9. For costs of suit;

10. For pre judgment and post judgment interest where permitted by law;

11. For such other and further relief as the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury on all issues so triable.

//

//

//

DATED:   May 28, 2026                              **THE HACKETT LAW FIRM**

Respectfully submitted,

By:  ___*Dylan Hackett*___
　　　Dylan Hackett
　　　*Attorneys for Plaintiff* Anthony
　　　Erdentuguldur,

THE HACKETT LAW FIRM
P.O. Box 330168, San Francisco, CA 94133
Telephone:(415) 410-9931

-20-

**COMPLAINT FOR DAMAGES**